**Elveta Louise FRANCIS, individually and as class representative, Plaintiff–Appellant,**

v.

**State of CALIFORNIA; et al., Defendants–Appellees.**

**No. 06–56048.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 4, 2008.*

Filed Dec. 11, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**428**

Berzon, Circuit Judge, filed a dissenting opinion.

Bryan Barnet Miller, Esq., Barrett S. Litt, Esq., Litt Estuar Harrison Miller & Kitson, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Gerald S. Ohn, Esq., AGCA–Office of the California Attorney General, Neil Gunny, Scott O. Luskin, Esq., Klinedinst Law Offices, Los Angeles, CA, for Defendants–Appellees.

---

\*\* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Before: SILVERMAN and BERZON, Circuit Judges, and BENITEZ \*\*, District Judge.

MEMORANDUM \*\*\*

Francis appeals the district court's dismissal of her federal claims asserted in her fourth amended complaint alleging that the Defendants violated 42 U.S.C. § 1983 when they failed to credit money toward inmates' restitution and to reimburse inmates for employment costs. Francis filed her action in state court, and Defendants removed to federal court. After dismissal of the federal claims, the district court remanded the state claims. Those claims are proceeding in state court as a certified class action. *Francis v. Cal.*, 2008 WL 1874426 (Cal.App. 2 Dist. Apr. 29, 2008).

We review the district court's 12(b)/(c) dismissal *de novo* and denial of leave to amend for an abuse of discretion. *Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1036 (9th Cir.2008); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.2008); *Orkin v. Taylor*, 487 F.3d 734, 738 (9th Cir.), *cert. denied*, —— U.S. ——, 128 S.Ct. 491, 169 L.Ed.2d 340 (2007).

The district court did not err in dismissing the Fifth Amendment takings and Eighth Amendment excessive fines claims. The fourth amended complaint asserted those claims only against the state and state agency Defendants. States, state agencies, and state officers acting in their official capacities are not "persons" and cannot be sued for damages under 42 U.S.C. § 1983. *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 n. 24, 117

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

S.Ct. 1055, 137 L.Ed.2d 170 (1997); *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

■ The district court did not err in dismissing the due process claim. The facts alleged in the fourth amended complaint allege only negligence. A negligent act of an official that causes loss of life, liberty, or property does not state a due process violation. *County of Sacramento v. Lewis,* 523 U.S. 833, 848–50, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

■ Finally, the district court did not abuse its discretion by denying leave to file a fifth amended complaint, particularly in light of Francis's failure to assert additional facts that she could allege to state her claims. *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097–98 (9th Cir.2002).

AFFIRMED.

BERZON, Circuit Judge, dissenting.

I respectfully dissent. I would hold that it was an abuse of discretion not to allow Francis to amend her complaint.

Although this was the Fourth Amended Complaint, the prior complaint had properly alleged Takings and Eighth Amendment causes of action against the individual defendants, and had been upheld, not dismissed, with regard to the Equal Protection cause of action. Francis explained to the district court that the failure to include the individual defendants in the headings of the Takings and Eighth Amendment causes of action was a clerical error, and also pointed out, correctly, that the text of the Eighth Amendment claim included the individual defendants, although the heading did not. As to the Equal Protection cause of action, Francis had no earlier opportunity to attempt to amend it, as it

had been upheld in the face of defendants' earlier motion to dismiss.

Litigation should be resolved on the merits where possible. Here, there was no prejudice to the court or the other litigants. Francis had made clear from the outset of the litigation her intention to sue the individual defendants on the constitutional causes of action, and was not responsible for any delay in seeking to amend the Equal Protection cause of action. It was, therefore, an abuse of discretion to dismiss the complaint with rather than without prejudice.

I respectfully dissent.